IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANICIA PERK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NYRSTAR NV d/b/a NYRSTAR )<br>CLARKSVILLE, INC. )<br>)<br>Defendant. ) | Case No. 3:12-cv-00913<br>Judge Todd J. Campbell<br>Magistrate Judge Juliet E. Griffin<br><br>Jury Demand |

## AGREED PROTECTIVE ORDER

The parties to this action, Plaintiff Danicia Perk and Defendant Nyrstar Clarksville, Inc., ("Nyrstar"), have stipulated, through their respective counsel, to the entry of this Protective Order Regarding Confidentiality ("Protective Order").

1.

During the course of discovery, Nyrstar may identify and agree to produce documents containing certain policies, trade secrets and other confidential and proprietary information relating to the business or operations of Nyrstar. The purpose of this Protective Order is to ensure that the documents and information relating to Nyrstar's business or operations are restricted to persons involved with this litigation. Further, Plaintiff may identify and agree to produce certain documents which she deems to be personal and confidential, not limited to but including her own medical and financial records. Accordingly, the documents and information identified in this paragraph are subject to the provisions of this Protective Order.

1

10552459.2

Case 3:12-cv-00913   Document 23   Filed 07/03/13   Page 1 of 5 PageID #: 110

2.

Moreover, during the course of discovery, the parties may request additional personal, confidential, or proprietary documentation from each other or from third parties. Nyrstar may also identify and agree to produce documents containing confidential and personal information pertaining to individuals who are not parties to this lawsuit. If any documents which will be produced during this litigation contain personal, confidential, or proprietary information, or information relating to Nyrstar's current and former employees, the producing party (including any third party producing such documents) may mark the documents "CONFIDENTIAL." Any document so marked shall not be disclosed to any person except as permitted by this Protective Order. The designation of any document as "CONFIDENTIAL" will be made in good faith, and each party shall have twenty-one (21) days after production of documents marked "CONFIDENTIAL" by the other party to challenge such designation by filing a motion with the Court.

In the event that personal, confidential or proprietary information is disclosed in response to an interrogatory, the answering party may designate the response as confidential information by conspicuously stamping the interrogatory answer with the word "CONFIDENTIAL." The parties to this action may also designate deposition testimony that reveals personal, confidential or proprietary information as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Protective Order.

3.

The use of any documents or information therein subject to this Protective Order shall be restricted to the following persons:

    (a)    The parties to this litigation;

2

10552459.2
Case 3:12-cv-00913   Document 23   Filed 07/03/13   Page 2 of 5 PageID #: 111

(b) Counsel for the parties to this litigation, including their respective paralegals and clerical employees;

(c) Witnesses or prospective witnesses, including but not limited to persons requested by counsel to furnish technical or other expert service, to give testimony or to otherwise prepare for any deposition, hearing, trial, or any other proceeding in this action, provided such witness or prospective witness agrees to be expressly bound by the terms of this Protective Order and not disclose the documents or information therein to any party or person outside this litigation; and

(d) The Court and its personnel, including the stenographic reporters not regularly employed by the Court who are engaged by the parties or the Court during the litigation of this case.

4.

Upon final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Protective Order shall return to the producing party or destroy, upon request, all documents and information subject to this Protective Order, including any and all copies, prints, negatives, or summaries, and including any and all copies, prints, negatives, and summaries in the possession of employees, experts, or consultants employed or retained by counsel for the parties, except those items compromising any appellate record, trial court record, privileged communications, or attorney work product.

5.

Whenever any documents marked as "CONFIDENTIAL" are entered into the record, the parties shall seek to file such documents under seal, except when such documents are used at

3

10552459.2

trial. Notwithstanding any of the provisions of this Protective Order, confidential information may be offered at trial. If either party maintains that confidential information should not be offered at trial, then that party may file an appropriate motion in limine or timely and appropriately object thereto.

6.

No party shall seek sanctions based on an application to the Court for an interpretation or application of, or challenge to, confidentiality pursuant to this Protective Order. Each party shall bear its own attorney's fees related to any such application.

SO ORDERED, this 3rd day of July, 2013.

_____
MAGISTRATE JUDGE JULIET GRIFFIN

Agreed and approved for entry:

/s/ K. Coe Heard
Andrew S. Naylor
K. Coe Heard
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
615-244-6380
615-244-6804 (fax)
andy.naylor@wallerlaw.com
coe.heard@wallerlaw.com

*Attorneys for Defendant Nyrstar Clarksville, Inc.*


/s/ Michael R. Griffin
Michael R. Griffin
James S. Higgins
Anne H. Williams
The Higgins Firm, PLLC
116 Third Avenue South
Nashville, TN 37201
(615) 353-0930
(615) 353-0963 (fax)
mgriffin@higginsfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the Court's electronic filing system upon:

Michael R. Griffin
James S. Higgins
Anne H. Williams
The Higgins Firm, PLLC
116 Third Avenue South
Nashville, TN 37201

on this the 2nd day of July, 2013.

/s/ K. Coe Heard

5

10552459.2