IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DANICIA PERK                          )
                                      )
v.                                    ) NO. 3:12-0913
                                      ) JUDGE CAMPBELL
NYRSTAR CLARKSVILLE, INC.             )


MEMORANDUM

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 42) and Plaintiff's Motion for Partial Summary Judgment (Docket No. 48). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part as follows. Plaintiff's Motion for Partial Summary Judgment is DENIED.

FACTS

Plaintiff is a former employee of Defendant Nyrstar. She has sued Defendant pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"); Title VII, 42 U.S.C. 2000e, e*t seq.*; and the Equal Pay Act (29 U.S.C. § 206(d), *et seq. See* First Amended Complaint (Docket No.16).

Plaintiff contends that Defendant interfered with her rights under the FMLA by terminating her employment for attendance issues that should have been remedied by the retroactive application of the FMLA. Plaintiff claims that she was treated differently from similarly-situated male employees, in violation of Title VII. Plaintiff alleges that she was subjected to unwanted harassment and a hostile work environment based on her gender, in violation of Title VII. Finally, Plaintiff asserts that Defendant paid her at rates less than the rates of male employees for equal work, in violation of the Equal Pay Act.

Defendant has filed a Motion for Summary Judgment on all Plaintiff's claims, and Plaintiff has filed a Motion for Partial Summary Judgment on her FMLA claim.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## FAMILY AND MEDICAL LEAVE ACT

In order to prove her claim that Defendant interfered with her FMLA rights, Plaintiff must show: (1) she was an eligible employee; (2) Defendant was a covered employer; (3) she was entitled to take leave under the FMLA; (4) she notified Defendant of her intent to take leave; and (5) Defendant denied her benefits or rights to which she was entitled under the FMLA. *Demyanovich v. Cadon Plating & Coatings, LLC*, __ F.3d ___, 2014 WL 1259603 (6th Cir. March 28, 2014).

For purposes of this discussion, the Court will assume that Plaintiff can establish the elements 1, 2 and 4 of this claim. Defendant contends that Plaintiff cannot show that she was entitled to take leave under the FMLA and, therefore, it did not deny her benefits or rights to which she was entitled under the FMLA. The Court agrees.

The parties have stipulated to the 13 dates Plaintiff contends Defendant unlawfully denied her FMLA leave. Docket No. 45. The issue is whether those absences were protected by the FMLA.[1]

As relevant to this case, employers covered by the FMLA are required to grant leave to eligible employees (1) because of a serious health condition that makes the employee unable to perform the functions of the employee's job; (2) for placement with the employee of a son or daughter for adoption or foster care; and (3) to care for the employee's spouse, son, daughter or parent with a serious health condition. 29 C.F.R. § 825.112(a).

For purposes of the FMLA, a "serious health condition" means an illness, injury, impairment or physical or mental condition that involves inpatient care or continuing treatment by a health care provider. 29 C.F.R. § 825.113. "Inpatient care" means an overnight stay in a hospital, hospice or residential medical care facility or any subsequent treatment in connection with such inpatient care.

---

[1] The parties have stipulated that the 13 absences are a full and complete list of all the dates Plaintiff contends Nyrstar unlawfully denied her FMLA leave and have attached "all documentation relating to the absence." Docket No. 45.

29 C.F.R. § 825.114. The term "incapacity" means inability to work, attend school or perform other regular daily activities for more than three consecutive, full calendar days due to the serious health condition, treatment therefore, or recovery therefrom. 29 C.F.R. § 825.113(b) and 29 C.F.R. § 825.115.

With respect to an employee, the term "serious health condition" is intended to cover conditions or illnesses that affect an employee's health to the extent that he or she must be absent from work on a recurring basis or for more than a few days for treatment or recovery. *Brannon v. Oshkosh B'Gosh, Inc.*, 897 F.Supp. 1028, 1035 (M.D. Tenn. 1995). With respect to a child, spouse or parent, the term "serious health condition" is intended to cover conditions or illnesses that affect the health of the child, spouse or parent such that he or she is similarly unable to participate in school or in his or her regular daily activities. *Id*. The term "serious health condition" is not intended to cover short-term conditions for which treatment and recovery are very brief. *Id.*

FMLA interference claims require a plaintiff to show that her employer denied FMLA benefits *to which she was entitled*. This means that Plaintiff needs to present evidence that, on the dates in question, she suffered from a serious health condition that made her unable to perform the functions of her job.[2] *Tillman v. Ohio Bell Telephone Co.*, 2013 WL 5539612 at * 13 (6th Cir. Oct. 8, 2013). To avoid summary judgment, then, Plaintiff must come forward with evidence presenting a genuine issue of material fact regarding her entitlement to FMLA leave. *Id.*

Whether an illness qualifies as a serious health condition under the FMLA is a legal question which the Court must determine. *Taylor v. Autozoners, LLC*, 706 F.Supp.2d 843, 849 (W.D. Tenn.

---

[2] Not all medical problems are subject to the FMLA. It is Plaintiff's burden to establish that her medical problems were severe enough to warrant the FMLA protection. *Lackey v. Jackson County, Tennessee*, 2004 WL 1491636 at ** 5 (6th Cir. June 22, 2004).

2010). A plaintiff may not avoid summary judgment on this issue by simply alleging her illness to be a serious health condition. *Id*. Incapacitation for the purposes of the FMLA does not mean that, in the employee's own judgment, he or she should not work or even that it was uncomfortable or inconvenient for the employee to have to work. Rather, it means that a health care provider has determined that, in his or her professional medical judgment, the employee cannot work because of the illness. *Id*. at 850.

Plaintiff argues that, at the notice stage, the employee does not have to conclusively prove that an absence is FMLA-qualifying. We are not at the notice stage, however. Even if Plaintiff, for whatever reason, was not required to prove that her absences were FMLA-qualifying at the time she took that leave, she is not discharged from an obligation to prove to this Court that she was entitled to FMLA protection. In other words, even if it was Defendant's obligation, at the time of Plaintiff's leave, to inquire whether her leave was for an FMLA-qualifying purpose, in response to a Motion for Summary Judgment in federal court, it is Plaintiff's obligation to produce evidence that her absences were FMLA-qualifying.

The evidence submitted in the Joint Stipulation, which the parties agree is all documentation relating to the absences at issue, does not create a genuine issue of material fact as to whether these 13 absences were FMLA-qualifying. Plaintiff has not shown that either she or her children had "serious health conditions," as defined under the FMLA, at the times in question. Neither has she shown that the two absences for which she claims protection to secure the placement of foster children were actually for that purpose.[3] Because Plaintiff cannot establish that she was entitled to

---

[3] The only documentation upon which she relies for these two absences is two "Absence Reports" created by Defendant, upon which is written "personal business" and "child related" for October 14, 2008, and "medical treatment of foster child" for October 28, 2008.

FMLA protection for these 13 absences, she fails to establish her *prima facie* case.  Thus, she has failed to show that the FMLA protected her from the disciplinary action taken by Defendant, her termination.

Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's FMLA claim is granted, and that claim is dismissed.

## TITLE VII

### A. Hostile Work Environment

Plaintiff contends that she was harassed at work because of her gender. Defendant argues that her hostile work environment claim is time-barred.

Under Title VII, a plaintiff must bring a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the allegedly unlawful practice occurred or within 300 days if the plaintiff initiates proceedings with a state or local agency.  42 U.S.C. § 2000e-5(e)(1). A person aggrieved by employment discrimination must exhaust administrative remedies in order for a federal court to hear the claim. *Weigel v. Baptist Hospital of East Tennessee*, 302 F.3d 367, 379 (6th Cir. 2002); *Jordan v. E&A Protective Services-Bravo, LLC*, 2013 WL 5538660 at * 5 (W.D. Tenn. Oct. 7, 2013). The aggrieved person must file any civil action against the employer within ninety days after notice from the EEOC that it has investigated and dismissed the employee's charge.  42 U.S.C. § 2000e-5(f)(1); *Jordan* at *4.

Here, the EEOC charge upon which Plaintiff's claims are based was filed on March 20, 2012. That charge does not include a claim for hostile work environment.  Docket No. 62-8. That charge states that the latest the alleged discrimination took place was October 12, 2011, and that it was not

_____

Docket Nos. 45-2 and 45-3.

a continuing action. *Id.* To the extent Plaintiff attempts to rely on a previously-submitted EEOC charge, dated December 24, 2009, which did include hostile work environment allegations, she failed to file a timely lawsuit based upon that charge.

Accordingly, Plaintiff's claim for hostile work environment is time-barred and barred for failure to exhaust administrative remedies. Defendant's Motion for Summary Judgment on that claim is granted.

## B. Gender Discrimination

Plaintiff alleges that she was treated differently from similarly-situated male employees in violation of Title VII because Defendant refused to sign off on the completion of her proficiency requirements, which would have allowed her to be eligible for a promotion and pay increase. Plaintiff also contends that her supervisor, Alan Cross, told her that he sent a male along with her on jobs because he was afraid of Plaintiff being out in the plant by herself because someone might say or do something that would offend or hurt her. Plaintiff asserts that Cross told her women did not belong in the plant environment. It is undisputed that Plaintiff was the only female on the maintenance crew.

To establish a *prima facie* case of gender discrimination, Plaintiff must show that: (1) she was in a protected class or minority; (2) she was qualified for the position; (3) she was subjected to an adverse employment decision; and (4) she was treated differently than similarly-situated, non-protected employees. *Evans v. Walgreen Co.*, 813 F.Supp.2d 897, 918 (W.D. Tenn. 2011).

Defendant maintains that Plaintiff cannot establish that she was subjected to an adverse employment action based on gender because she did not even *submit* enough proficiencies to be promoted to the next highest level. Plaintiff's claim, however, is that she was denied the

opportunities to complete those proficiencies for advancement because of her gender. Plaintiff argues that, because she is female, Defendant failed to train her and failed to give her assignments in which she could learn new skills and complete proficiencies.

An adverse employment action has been defined as a materially adverse change in the terms and conditions of a plaintiff's employment. *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010). Whether a particular action is materially adverse depends upon the circumstances of the particular case and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances. *Blackburn v. Shelby County*, 770 F.Supp.2d 896, 921 (W.D. Tenn. 2011). Adverse employment actions are typically marked by a significant change in employment status, including hiring, firing, failing to promote, reassignment with significantly different responsibilities, a decision causing a significant change in benefits, or other indices that might be unique to a particular situation. *Spees,* 617 F.3d at 391. The Sixth Circuit has held that a deprivation of increased compensation as the result of a failure to train constitutes an adverse employment action. *Clay v. United Parcel Service, Inc.*, 501 F.3d 695, 710 (6th Cir. 2007); *Reed v. Procter & Gamble Mfg, Co.*, 2014 WL 553000 at * 8 (6th Cir. Feb. 13, 2014).

Viewing the evidence in the light most favorable to the Plaintiff, the Court finds that Plaintiff has created a genuine issue of material fact as to whether she suffered an adverse employment action by being denied opportunities to complete proficiencies, to advance and to earn more money. A reasonable jury could find that Plaintiff's work assignments (including her shifts in the tool room), led to diminished responsibilities, loss of the opportunity to advance or be promoted, and/or less challenging work which required fewer skills.

Plaintiff has also created a genuine issue of material fact, in light of the comments of her supervisor, as to whether the denial of those opportunities to be trained, to be promoted, and to receive pay increases was based upon her gender.

For these reasons, Defendant's Motion for Summary Judgment as to Plaintiff's Title VII gender discrimination claim is denied.

## EQUAL PAY ACT

Plaintiff alleges that Defendant paid her at rates less than the rates it paid male employees who had similar or equivalent skills to that of Plaintiff, in violation of the Equal Pay Act.

The Equal Pay Act prohibits employers from paying an employee at a rate less than that paid to an employee of the opposite sex for performing equal work. 29 U.S.C. § 206(d)(1); *Crowder v. Railcrew Xpress*, 2014 WL 783075 at * 6 (6th Cir. Feb. 27, 2014). Plaintiff may establish a *prima facie* case under the Equal Pay Act by showing that Defendant paid different wages to a male employee for substantially equal work. *Id*.[4]

The Court finds that Plaintiff has not shown that male employees were paid more than she for substantially equal work. Equal work on jobs requires equal skill, effort and responsibility, and performance under similar working conditions. *Warf v. U.S. Dept. of Veterans Affairs*, 713 F.3d 874, 881 (6th Cir. 2013).

Defendant claims that any wage difference between Plaintiff and a male employee was justified by its merit system. Plaintiff argues that she performed substantially the same work as her

---

[4] Once an employee establishes a *prima facie* case, the employer must prove by a preponderance of the evidence that the wage differential is justified by one of four affirmative defenses set forth in the Equal Pay Act: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) a differential based on any other factor other than sex. 29 U.S.C. § 406(d)(1).

male colleagues. Yet she admits that the craft levels were different in the number of skills and amount of experience required, and she argues in her gender discrimination claim that she was denied the opportunities to learn skills and advance to a higher craft level. Plaintiff's supervisor testified that employees at different craft levels have different skills, different experience and different levels of pay.

The Court finds that Plaintiff has not presented sufficient evidence that Defendant paid male employees different wages for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's Equal Pay Act claim is granted, and that claim is dismissed.

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff describes the issue presented by her Motion for Partial Summary Judgment as: whether, under the circumstances described herein, the Defendant interfered with Perk's FMLA rights by requiring her to submit some official documentation for each and every instance in which she was absent on intermittent FMLA leave. Docket No. 50.

This alleged violation of the FMLA was not pled in Plaintiff's First Amended Complaint and, therefore, cannot be raised at this time. Plaintiff's First Amended Complaint alleges that Defendant violated Plaintiff's rights under the FMLA by denying her restoration to the same or equivalent position when she returned to work (Docket No. 16, ¶ 59)[5] and by terminating her employment for attendance issues that were to be remedied by retroactive application of the FMLA

---

[5]     Plaintiff has conceded this claim. Docket No. 42-1, p. 54 (Plaintiff's Deposition, p. 172).

(*Id.*, ¶ 61). Plaintiff's First Amended Complaint makes no allegation concerning interference by requiring documentation. Accordingly, this claim is not before the Court, and Plaintiff's Motion for Partial Summary Judgment thereon is denied.

Even if the claim were properly before the Court, for the reasons stated above as to Plaintiff's FMLA claim, Plaintiff's Motion would be denied. Plaintiff has not shown that she was entitled to the FMLA leave she claims, so whether or not Defendant required documentation is irrelevant. Plaintiff cannot establish a threshold issue of her *prima facie* case for FMLA interference, that she was denied FMLA rights to which she was entitled.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (Docket No. 42) is GRANTED in part and DENIED in part. Plaintiff's claims for violation of the FMLA, for hostile work environment in violation of Title VII, and for violations of the Equal Pay Act are DISMISSED.

Plaintiff's Motion for Partial Summary Judgment (Docket No. 48) is DENIED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE